WHIPPLE v. DUNN.

(Supreme Court, Appellate Term. June 29, 1911.)

NEW TRIAL (§§ 103, 108*)—NEWLY DISCOVERED EVIDENCE—PROBABLE EFFECT.

A new trial should not be granted for newly discovered evidence, much of which is hearsay, and which would not overcome the force of the adversary's evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 215–217, 226; Dec. Dig. §§ 103, 108.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Amos H. Whipple against Robert Lee Dunn. From an order granting a new trial, plaintiff appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Leventritt, Cook & Nathan, for appellant.

Samuel E. Darby, for respondent.

SEABURY, J. Plaintiff sued for the value of hotel accommodations alleged to have been furnished to the defendant. Upon the trial the defendant claimed that, at the time he received these accommodations, he was in the employ of one Perlman, who was liable for the plaintiff's claim. Upon conflicting evidence, the court found the defendant liable. This determination, we think, was entirely justified by the evidence. In view of the defendant's letter promising to pay the amount of the plaintiff's claim, it seems to us that the trial court could not properly have reached any other conclusion than that the defendant was liable.

The affidavits presented upon the motion for a new trial upon the ground of alleged newly discovered evidence were wholly insufficient to satisfy the requirements of law governing such motions. Much of the alleged newly discovered evidence was hearsay, and none of it would overcome the force of the defendant's letter promising to pay the plaintiff the amount of his claim. It follows that the order of the court below, setting aside the judgment in favor of the plaintiff, must be reversed, with costs to the appellant, and the judgment reinstated.

Order reversed, with costs to the appellant, and the judgment reinstated. All concur.